**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2702
_____

COMMUNITY PRESCHOOL & NURSERY OF EAST LIBERTY, LLC,
                                                                        Appellant

v.

TRI-STATE REALTY, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-09-cv-00979)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1
March 11, 2011
_____

Before:  SCIRICA, AMBRO and VANASKIE, Circuit Judges

(Opinion Filed: June 7, 2011)
_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge.

        Tri-State Realty, Inc. ("Tri-State") leased a portion of its building to Community

Preschool & Nursery of East Liberty, LLC ("Community Preschool").  After a fire in the

building damaged the property and forced Community Preschool to vacate the premises,

Community Preschool sued Tri-State for damages. The District Court granted summary judgment in favor of Tri-State. We will affirm the judgment of the District Court.

I.

As we write only for the parties, who are familiar with the facts and procedural history of this case, we relate only those facts necessary to our analysis.

Tri-State leased the first floor of its two-story building to Community Preschool. Before Community Preschool moved in, Tri-State obtained a permit from the City of Pittsburgh allowing occupancy of the first floor and stating that the second floor was to remain vacant. Tri-State subsequently renovated the second floor and leased it to multiple occupants. Tri-State did not, however, acquire an occupancy permit for the second floor, nor did it have the second floor's renovated electrical system inspected. Shortly after moving in, one of the second-floor occupants complained to Tri-State about problems with electrical service in the building. Tri-State responded by stating that it had recently updated the building's wiring and meters. It does not appear that Tri-State investigated the matter any further.

Approximately fifteen months later, a fire broke out in the building, destroying the second floor and damaging much of the first floor. The Pittsburgh Fire Department investigated the fire and concluded that it originated in the wiring in the ceiling above the second floor. Tri-State subsequently exercised its option under the lease agreement to terminate the lease with Community Preschool in lieu of repairing the premises.

Community Preschool filed this lawsuit three months later. After the District Court dismissed two claims that are not the subject of this appeal, Community Preschool filed an amended complaint asserting claims for negligence and breach of contract.

During discovery, Tri-State and Community Preschool secured expert testimony concerning the cause of the fire. Community Preschool's expert concluded that "[t]he fire was likely electrical in origin" and that "[o]ccupancy of the second floor increased the probability of a fire event." (A. 393.) Tri-State's expert agreed that an electrical fault caused the fire. He also noted, however, that wiring servicing the first floor ran though the ceiling over the second floor and would have been used even if the second floor had remained unoccupied. He further explained that some potential causes, such as faulty wires or improper installation, might not have been detectable upon inspection. Accordingly, Tri-State's expert opined that occupancy of the building's second floor "had nothing to do with the ignition or spread of this fire." (A. 443.) Additionally, two investigators from the Pittsburgh Fire Department concluded that an electrical malfunction caused the fire, but neither investigator could identify the root cause of the malfunction.

Tri-State moved for summary judgment on the ground that Community Preschool was unable to adduce competent evidence that occupancy of the second floor was a substantial factor in causing the fire. The District Court agreed. Specifically, with respect to the negligence claim, the District Court concluded that the record lacked any evidence that Tri-State's alleged breach of a duty caused the fire. The Court also concluded that the doctrine of res ipsa loquitur was inapplicable. With respect to the

3

claim for breach of contract, the District Court found that there was insufficient evidence that Tri-State breached the lease's warranty of quiet enjoyment. Community Preschool now appeals.

## II.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment order. *Shook v. Avaya Inc.*, 625 F.3d 69, 72 (3d Cir. 2010).

### A.

Community Preschool argues that the District Court erroneously granted summary judgment on its negligence claim. In Pennsylvania, "[t]here are four elements to a cause of action for negligence: a duty of care, a breach of that duty, a causal connection between the defendant's conduct and the resulting injury, and damages." *Zeidman v. Fisher*, 980 A.2d 637, 639 (Pa. Super. Ct. 2009). Although a party may prove its case with circumstantial evidence, "there is a limit to the inferences that the jury may reasonably draw from such circumstantial evidence." *Fitzpatrick v. Natter*, 961 A.2d 1229, 1241 (Pa. 2008). Specifically, "while the jury may draw reasonable inferences, it may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but . . . there must be evidence upon which logically its conclusion may be based." *Id.* at 1241-42 (internal quotation marks omitted).

Even if we assume that Tri-State breached its duty to Community Preschool by leasing space on the second floor, Community Preschool's negligence claim fails because it cannot prove that Tri-State's allegedly negligent conduct caused the fire. It is

4

undisputed that the electrical wiring that delivered power to the first floor ran though the ceiling over the second floor, where the fire originated. These wires would have been in use regardless of whether the second floor was vacant or occupied. Accordingly, the fire could have started even if the second floor remained vacant. Community Preschool has mustered no evidence showing that the presence of tenants on the second floor had anything to do with the outbreak of the fire. Absent any evidence specifically linking occupancy of the second floor to the fire, Community Preschool cannot satisfy the causation element of its negligence claim.

Community Preschool argues that the doctrine of res ipsa loquitur establishes causation. That doctrine allows a court to infer that a defendant's negligence harmed the plaintiff only when:

> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

*Gilbert v. Korvette, Inc.*, 327 A.2d 94, 100 (Pa. 1974) (quoting Restatement (Second) of Torts § 328D (1965)). Res ipsa loquitur does not apply here. First, the fire could very well have occurred without any negligence on the part of Tri-State. None of the experts who studied the fire could identify a cause more specific than "electrical malfunction." Although Tri-State did not arrange for an inspection of the second floor wiring, its expert opined that an inspection might not have revealed the problem that started the fire.

5

Second, Community Preschool did not sufficiently eliminate other possible causes of the fire. For example, defective wires, which would have had nothing to do with Tri-State's alleged negligence, could have caused the fire to ignite. Accordingly, the res ipsa loquitur doctrine cannot be used here to establish a causal relationship between the fire and Tri-State's conduct in leasing the second-floor space.

B.

Community Preschool also appeals the District Court's grant of summary judgment on its breach of contract claim. Specifically, Community Preschool avers that Tri-State breached the lease agreement's covenant of quiet enjoyment. Appellant concedes that this argument rests entirely on whether Tri-State caused the fire. Because we have concluded that there is no genuine issue of material fact as to causation, we will affirm the District Court's grant of summary judgment on the breach of contract claim.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

6